# In the United States Court of Federal Claims

PAUL E. COOPER,

        *Plaintiff,*

v.

THE UNITED STATES,

        *Defendant.*

No. 23-1427

(Filed: August 21, 2024)

*Paul E. Cooper*, pro se, Edinburg, TX.

*Gisela Westwater*, Civil Division, United States Department of Justice, Washington, DC, for Defendant.

**OPINION AND ORDER**

**LERNER**, *Judge*.

    Plaintiff Paul E. Cooper filed a pro se Complaint in this Court on August 24, 2023. Compl., ECF No. 1. Mr. Cooper seeks back pay from his military service and requests a breakdown of payments and deductions. Compl. at 6. He also asks for fees for bringing this action, and other legal and equitable relief as the Court deems appropriate. *Id.*

    Before the Court is Defendant's Motion to Dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). ECF No. 25. The Government asserts it paid Mr. Cooper for his eligible periods of service and provided Mr. Cooper a description of the payments and relevant deductions. Accordingly, the Government maintains, Mr. Cooper's Complaint is moot. *Id.* at 1–2. Mr. Cooper does not challenge the Government's position regarding the amount paid or the breakdown of his relevant deductions.

    Claims that have been fully addressed are considered moot and must be dismissed for lack of jurisdiction. For the reasons below, Defendant's Motion to Dismiss is **GRANTED**, and Plaintiff's Complaint is **DISMISSED with prejudice**.

**I.**    **Background**

    Mr. Cooper served in the U.S. Navy for about 16 years, from September 2007 to April 2023. Compl. at 1. He was court-martialed in September 2014, and subsequently received a five-year sentence, a reduction in pay, a forfeiture of pay and allowances, and a dishonorable discharge. Compl. at 2. In December 2020, his September 2014 conviction was set aside by the Navy-Marine Corps Court of Criminal Appeals for ineffective assistance of counsel. *Id.*; Mot. to Dismiss at 2. The U.S. Court of Appeals for the Armed Forces affirmed that decision in December 2021. Compl. at 2.

In March 2022, Mr. Cooper transferred from appellate leave (the authorized absence of a servicemember while his or her court martial conviction is under appellate review) to active duty to prepare for a retrial. *Id.*; Mot. to Dismiss at 3. As part of those proceedings, Mr. Cooper entered into a pre-trial agreement with the Government where he pleaded guilty to a lesser offense in exchange for limiting his possible court-martial sentence. Compl. at 4; Mot. to Dismiss at 3. The Military Judge sentenced Mr. Cooper to three months confinement, "but due to the significant amount of confinement credit," Mr. Cooper was sentenced to time served. Compl. at 4. Mr. Cooper ultimately received an other-than-honorable discharge from service. *Id.*

Because Mr. Cooper's original conviction was vacated, the Government subsequently calculated and remitted his back pay. Compl. at 4; Mot. to Dismiss 3. On May 26, 2023, the Defense Finance and Accounting Service (DFAS) made two payments to Mr. Cooper: $31,603.73 for Basic Allowance for Subsistence (BAS) and $62,845.30 for Basic Allowance for Housing (BAH). Mot. to Dismiss at 3; Compl. at 5. Further disbursements remained. Mot. to Dismiss at 3. However, according to the Government, before DFAS could make the additional calculations and payments, Mr. Cooper filed his Complaint. *Id.*

After initiating his case, the Government claims DFAS made five additional payments to Mr. Cooper. Mot. to Dismiss at 3. DFAS delivered (1) $88,188.27 in basic pay for 2014 through 2018; (2) $42,928.53 in basic pay for 2019 through 2021; (3) $32,022.00 for additional BAH credits; (4) $58,707.00 for additional BAS credits; and (5) $13,398.51 in additional basic pay credits. *Id.* The Government reports a total remittance of $326,926.35, after deducting for Federal income tax, Medicare, Social Security, and unpaid monthly premiums on Mr. Cooper's Servicemember's Group Life Insurance policy. *Id.* at 3–4. DFAS issued the last of these five additional payments on October 6, 2023. *Id.* at 3.

DFAS subsequently learned of three circumstances affecting the calculation of, and Mr. Cooper's entitlement to, the disbursed back pay. *Id.* at 4–5. First, in April 2015, Mr. Cooper pleaded guilty for being absent without leave (AWOL) from September 19, 2014, through October 17, 2014, and for using an illegal substance. *Id.* at 4. This conviction was separate and unrelated to his original September 2014 conviction. *Id.* At the time of this new conviction, Mr. Cooper was serving a five-year sentence for his September 2014 court-martial conviction. *Id.* He was subsequently sentenced to an additional eight months stemming from these April 2015 charges. *Id.* Accordingly, the Government maintains, Mr. Cooper was not eligible for $4,633.28 paid to him during his AWOL period from September 19 through October 17, 2014. *Id.*

Second—and relatedly—Mr. Cooper was not entitled to $13,809.69. This amount reflects the forfeitures to which he would have been subject during the eight months he spent confined for his AWOL and illegal substance use conviction. *Id.* at 4–5.

Finally, Mr. Cooper was erroneously paid at the E-1 level between October 2021 through May 2022, when he presumably should have been paid at an E-5 level. *Id.* at 5. The difference in pay between the E-1 and E-5 level for that period is $13,311.69. *Id.* In other words, between October 2021 through May 2022, Mr. Cooper was *underpaid*. Nonetheless, the Government contends that this amount is outweighed by the amount Mr. Cooper was incorrectly *overpaid* for his AWOL status and time served for his still-intact conviction, which totals $18,442.97 (i.e., $13,809.69 plus $4,633.28). *Id.* at 9–10. Because these circumstances are thought to affect Mr. Cooper's entitlement to the now-disbursed back pay, the Navy and DFAS are still evaluating

whether Mr. Cooper was overpaid and thus owes a debt. *See id.* at 6 ("If the Navy or DFAS determines that Mr. Cooper was overpaid, he will be notified of such debt, the basis for the debt, and his options for disputing the debt or seeking forgiveness of the debt."). The Government writes that "[a]t this time, however, no debt relating to overpayment for the period September 2014 to May 2022 (or any time thereafter) has been lodged against Mr. Cooper." *Id.*

**II.     Procedural Posture**

Mr. Cooper filed his Complaint on August 24, 2023. Compl. The Government filed three motions for extensions of time on October 16, 2023, December 13, 2023, and February 15, 2024. ECF Nos. 5, 8, 10. In its first motion, the Government noted it was reviewing Mr. Cooper's claims and seeking to resolve the matter. ECF No. 5 at 1. In its second motion, the Government added that it reviewed Mr. Cooper's claim, calculated his back pay, and remitted most of the pay and allowances Mr. Cooper sought in his Complaint. ECF No. 8 at 1. The Government requested more time to complete a final review and determine whether further support from the Court was necessary. *Id.*

In its third motion, the Government stated it overpaid Mr. Cooper after learning of his AWOL period and additional conviction, periods for which he would not be eligible for payment. ECF No. 10 at 1–2. The Government conferred with Mr. Cooper about the overpayment, and he apparently conveyed he would not voluntarily withdraw his Complaint. *Id.* at 2. The Government then expressed its intention to move to dismiss. *Id.*

On February 28, 2024, the Government moved to stay the proceedings until April 4, 2024, so DFAS could prepare a letter for Mr. Cooper describing the contours of his back pay and the applicable deductions. ECF No. 12 at 1. The Government noted that the alleged overpayment mooted his first prayer for relief, i.e., pay and allowances beginning from the date his forfeitures resulted from his now-overturned conviction until the day the Government restored his pay. *Id.* The Government added that the stay would also allow DFAS sufficient time to prepare "a full breakdown of all payments, and deductions," which would address Mr. Cooper's second prayer for relief. *Id.* at 1–2. Accordingly, the Court granted the Government's motion to stay. ECF No. 13.

In a status report in early April 2024, the Government reported that it sent Mr. Cooper a letter with accompanying attachments describing his back pay and deductions, which would presumably satisfy his second prayer for relief. ECF No. 14 at 1. The Government reiterated that it would move to dismiss Mr. Cooper's Complaint because he had received all relief requested. *Id.* at 2. In a subsequent status report dated May 10, 2024, the parties reported that Mr. Cooper and the Government were still communicating about Mr. Cooper's possible debt owed and seeking greater clarification regarding this issue from DFAS. ECF No. 18 at 1.

On July 10, 2024, the Government moved to dismiss for lack of subject matter jurisdiction on the grounds that Mr. Cooper's claims are moot. Mot. to Dismiss. Mr. Cooper had the opportunity to respond to the Government's motion, but as of the filing of this Opinion and Order, he has not responded or otherwise challenged the Government's position. The Government makes clear in its motion that while Mr. Cooper may be "displeased to learn that he has likely been overpaid, there is currently no outstanding recoupment action against him" and that any "claims and defenses that Mr. Cooper might have regarding any potential recoupment action are not ripe at this time and in this suit." Mot. to Dismiss at 10.

### III. Legal Standards

#### A. Jurisdiction

The Government moves to dismiss under RCFC 12(b)(1) for lack of subject matter jurisdiction. Mot. to Dismiss at 1. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3). A plaintiff bears the burden of establishing the court's jurisdiction by a preponderance of the evidence. *Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023). In determining jurisdiction under 12(b)(1), "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). Although courts liberally construe pro se plaintiffs' filings, they still bear the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

#### B. Mootness

A court must consider whether a claim is moot when establishing its jurisdiction. *See, e.g.*, *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (holding that the court's "impotence to review moot cases derives from . . . the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy") (citations omitted). In other words, a court cannot exercise jurisdiction over moot cases. *E.g.*, *NEC Corp. v. United States*, 151 F.3d 1361, 1369 (Fed. Cir. 1998) ("If a case becomes moot it no longer presents a justiciable controversy over which a federal court may exercise jurisdiction."); *CS-360, LLC v. United States*, 94 Fed. Cl. 488, 500 (2010) ("Federal courts are permitted only to entertain matters in which there is an ongoing justiciable issue.").

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation omitted). To remain cognizable, a claim "must be definite and concrete, touching the legal relations of parties having adverse legal interests." *Rice*, 404 U.S. at 246 (1971). If a court determines that the issues in the case are moot, the court must dismiss the case. *Chapman Law Firm Co. v. Greenleaf Constr. Co.*, 490 F.3d 934, 939 (Fed. Cir. 2007) ("When, during the course of litigation, it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should generally be dismissed.").

### IV. Discussion

Mr. Cooper's Complaint enumerates four prayers for relief: (1) back pay for his military service at the proper pay grade; (2) a description of all payments and deductions; (3) reasonable fees for the costs of bringing this action; and (4) "such other legal and equitable relief as may be just and proper." Compl. at 6. In any event, Mr. Cooper's claims are either moot or insufficient to stand on their own, and thus this Court must dismiss his Complaint for lack of subject matter jurisdiction. *E.g.*, *NEC Corp.*, 151 F.3d at 1369; *Veterans Contracting Grp., Inc. v. United States*, 743 F. App'x 439, 440–41 (Fed. Cir. 2018).

As for his first prayer for relief, Mr. Cooper asks for "all pay and allowances from the date [his] forfeitures began to the day before the Defendant restored [his] pay . . . minus any deductions which have been paid out." Compl. at 6. The Government calculated back pay and

entitlements due to Mr. Cooper after his new sentence was imposed in March 2023.  Mot. to Dismiss at 3.  The Government made two payments on May 26, 2023, and five additional payments after Mr. Cooper filed suit on August 24, 2023.  *Id.*  In total, after making appropriate deductions, the Government paid Mr. Cooper $326,926.35.  *Id.* at 3–4.  Mr. Cooper does not contest this amount, or otherwise suggest it is incorrect.  The Government also contends that because of irregularities and time served for other convictions in Mr. Cooper's military service, it may have overpaid him.  *Id.* at 6.  Crucially, when a plaintiff receives the compensation sought in his or her complaint, the claim generally becomes moot.  *Piltan v. United States*, No. 23-1819T, 2024 U.S. Claims LEXIS 577, at *3 (Fed. Cl. Mar. 27, 2024); *Rothe Dev. Corp. v. Dep't of Def.*, 413 F.3d 1327, 1331 (Fed. Cir. 2005) ("The tender of the entire amount of damages claimed by a plaintiff moots the damages claim.").  Accordingly, because the Government has paid Mr. Cooper the money sought in his Complaint, his first prayer for relief is moot.

As for his second prayer for relief, Mr. Cooper requests a breakdown of the payments and deductions involved in his back pay.  Compl. at 6.  On March 28, 2024, DFAS sent Mr. Cooper a letter with attachments explaining the remittances and deductions made.  ECF No. 14 at 5; *see also* Decl. of Kourtney R. Salt, ECF No. 25-1.  Mr. Cooper has not challenged this explanation.  Where, as is the case here, "a defendant's actions have eliminated the possibility of meaningful relief, the case ordinarily should be dismissed as moot."  *McTech Corp. v. United States*, 105 Fed. Cl. 726, 731 (2012).  Because the Government and DFAS addressed Mr. Cooper's second request, there is no further relief the Court could provide on this issue.  As a result, this second request is also dismissed as moot.

Finally, Mr. Cooper requests fees to cover the costs of his action and "other legal and equitable relief as may be just and proper."  Compl. at 6.  But to the extent that Mr. Cooper is seeking attorney's fees, they are generally disfavored for pro se litigants, *Haggart v. United States*, 38 F.4th 164, 168 (Fed. Cir. 2022), and a "free-standing claim for fees and expenses of attorneys 'is not a viable basis for avoiding mootness.'"  *Veterans Contracting Grp., Inc.*, 743 F. App'x at 441 (quoting *Totolo/King Joint Venture v. United States*, 431 F. App'x 895, 897 (Fed. Cir. 2011)).  *See also Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990) (explaining that an "interest in attorney's fees is, of course, insufficient to create [a] . . . case or controversy where none exists on the merits of the underlying claim").  To the extent that Mr. Cooper is seeking costs other than attorney's fees, that claim is premature.  Under RCFC 54(d)(2)(B)(i), Mr. Cooper must file a Bill of Costs with the clerk's office "within 30 days after the date of final judgment."  Finally, given that Mr. Cooper has received all—and, possibly more than—the relief originally requested in his Complaint, there is nothing for the Court to adjudicate.

## V. Conclusion

Because Mr. Cooper has received the relief requested, his Complaint no longer presents a live controversy and must be dismissed.  *See Chapman Law Firm Co.*, 490 F.3d at 939.  For the reasons above, Defendant's Motion to Dismiss is **GRANTED**, and Plaintiff's Complaint is **DISMISSED with prejudice** for lack of jurisdiction.  The Court instructs the Clerk to enter judgment accordingly.

**IT IS SO ORDERED.**

                                       <u>s/ Carolyn N. Lerner</u>
                                       CAROLYN N. LERNER
                                       Judge